UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALINDA L. TOLLES,

          Plaintiff,

                                         CASE NO. 12-CV-14771
v.                                        HONORABLE GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 27)

Plaintiff Valinda Tolles has filed a petition for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the grounds that she was a prevailing party in her claim for review of defendant's decision denying her claim for social security disability benefits. On October 21, 2013, this court accepted the report and recommendation of Magistrate Judge Majzoub and remanded this case, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings because the question posed to the vocational expert ("VE") did not adequately account for claimant's moderate difficulties with concentration, persistence, or pace. Because the Commissioner has shown that her position was "substantially justified," claimant's motion for attorney fees shall be denied.

### FACTUAL BACKGROUND

The facts of this case are set forth in full in the report and recommendation dated September 23, 2013. (Doc. 23). This court summarizes only those facts pertinent here.

-1-

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income ("SSI") alleging that she had been disabled since April 1, 2006 due to her depression, anxiety, diabetes, degenerative disc disease, obesity, osteoarthritis, gastroesophogeal reflux disease, hyperlipidemia, and headaches. The Administrative Law Judge (ALJ) ruled that plaintiff was not disabled from April 1, 2006 through May 26, 2011, but when plaintiff turned 55, she was eligible for SSI benefits. Plaintiff timely appealed the decision to this court pursuant to 42 U.S.C. § 405(g). On October 21, 2013, this court adopted the report and recommendation of the magistrate judge, granted plaintiff's motion for summary judgment in part, and remanded this case for further proceedings on the grounds that the hypothetical question posed to the VE did not include plaintiff's limitations with concentration, persistence, and pace. The ALJ asked the VE to consider, however, that the hypothetical person of plaintiff's age, education, and vocational experience was limited to simple, routine tasks with occasional changes in a routine work setting and occasional interaction with the public. The VE testified that an individual with the limitations posed by the ALJ could perform work as a light, unskilled assembler, inspector or packager, and that depending on the amount that such an individual could lift, there were approximately 10,000 to 53,800 such jobs in Michigan.

STANDARD OF LAW

A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion. Pierce v. Underwood, 487 U.S. 552, 559 (1988); Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 840 (6th Cir. 2006). To be entitled to EAJA attorneys' fees, a court must find that (1) a party seeking fees was a prevailing party in a civil action; (2) the party timely filed an

application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable. 28 U.S.C. § 241(d)(1)(A). Based on the court's order of remand pursuant to § 405(g), claimant qualifies as a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 300 (1993). Claimant also timely filed her application. Thus, the only question for the court is whether the Commissioner's position was "substantially justified." The Commissioner bears the burden of establishing that his position was substantially justified. E.W. Grobbel Sons, Inc. v. NLRB, 176 F.3d 875, 878 (6th Cir. 1999). The Supreme Court defines "substantially justified" as "justified in substance or in the main . . . to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. A position may be justified even though it is not correct if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." United States v. Real Prop. Located at 2323 Charms Road, 946 F.3d 437, 440 (6th Cir. 1991). "Substantial justification constitutes a middle ground between an automatic award of fees to a prevailing party and an award of fees made only when the government's position was frivolous." Washington v. Heckler, 756 F.2d 959, 961 (3rd Cir. 1985) (internal citations and quotations omitted).

## ANALYSIS

Claimant made three arguments in her appeal of the Commissioner's denial of her claim for disability benefits. She argued the administrative law judge ("ALJ") erred by (1) finding that she could perform light work despite her spinal condition, (2) finding that she was not wholly credible, and (3) failing to account for her concentration and memory problems in determining her residual functional capacity ("RFC") and in his hypothetical question posed to the VE. This court rejected claimant's first two arguments and found that substantial evidence supported the ALJ's findings on these points. The court found,

-3-

however, that the ALJ failed to account for claimant's moderate limitations in concentration, persistence or pace in claimant's RFC and in the hypothetical question posed to the VE, and thus remanded the case for further proceedings.

The Commissioner argues that her opposition to claimant's appeal was "substantially justified," because (1) it prevailed on two of three issues, and (2) as to the third claim, courts have come to different conclusions on the issue. Under both theories, the Commissioner has established that her defense was "substantially justified." The Sixth Circuit has held that where the government was successful on several issues, the government's position was substantially justified, and the denial of attorney's fees under the EAJA was not an abuse of discretion. Green v. Comm'r of Soc. Sec., 52 F. App'x 758, 759 (6th Cir. 2002). Under this rationale, where as here, the government has prevailed on several issues, the government's defense was "substantially justified" and thus, claimant is not entitled to attorney's fees under the EAJA.

Plaintiff argues that the report and recommendation of a magistrate judge in Renneker v. Comm'r of Soc. Sec., No. 1:10-cv-386, 2011 U.S. Dist. LEXIS 150416 (S.D. Ohio Dec. 7, 2011) requires a different result. In Renneker, the Commissioner argued that since the court only found for plaintiff on one of three assignments of error, the position of the Commissioner was "substantially justified." The magistrate judge opined that it was not the Commissioner's "win/loss average" that mattered, but whether the Commissioner has a reasonable basis in law to challenge plaintiff's claims. Id. at 11. The magistrate judge found that the Commissioner did not because "the ALJ did not adhere to Social Security regulations, and, by determining that plaintiff did well when she took medication without relying on a supporting medical opinion, he failed to connect the record evidence to his

-4-

conclusion." Id. at *10. In this case, for the reasons discussed below, the court ruled in favor of plaintiff on only one very close issue, and the Commissioner had a reasonable basis in law and fact for opposing plaintiff on that claim.[1]

As an initial matter, the court considers plaintiff's claim that the Supreme Court's holding in Pierce, 487 U.S. at 560-61, somehow prevents this court from considering the merits of the Commissioner's defense. (Doc. 35 at 7). In Pierce, however, the Court's discussion about the wisdom of reviewing the merits of the Commissioner's defense was within the context of deciding the appropriate standard of *appellate* review: whether courts of appeals should conduct a *de novo* review of the district court's decision regarding an EAJA award, or whether the more liberal abuse of discretion standard should apply. Id. at 558-63. The Court ultimately decided the abuse of discretion standard applies, explaining that appellate review of a "request for attorney's fees should not result in a second major litigation." Id. at 563. In this case, this court, already having carefully considered the merits of the underlying disability appeal, is in the best position to analyze the strength of the government's defense based on its familiarity with the underlying factual record and applicable law.

The Commissioner's defense was substantially justified as to her claim that the ALJ properly presented claimant's moderate difficulties with concentration, persistence, or pace to the VE, where the issue is fact-specific and varies widely from case to case. See Bohn-Morton v. Comm'r of Soc. Sec., 389 F. Supp. 2d 804, 807 (E.D. Mich. 2005) (whether a

---

[1] Plaintiff also relies on cases involving the award of attorney fees in cases outside the EAJA context. Those cases fail to address the "substantial justification" standard at issue here and are irrelevant to the instant dispute.

claimant experiences deficiencies in concentration, persistence, or pace requires a case-by-case determination rooted in the administrative record). The Sixth Circuit has held that "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010). The Sixth Circuit has further held that where the record evidences that claimant has moderate difficulties with pace, speed, and concentration, those limitations must be presented in the hypothetical posed to the VE. Id. See, also Brown v. Comm'r of Soc. Sec., 672 F. Supp. 2d 794, 797 (E.D. Mich. 2009) (because ALJ concluded that claimant was "moderately impaired" in "his ability to maintain concentration, persistence, and pace," the ALJ's hypothetical question to the VE needed to address the consistency of plaintiff's ability to concentrate); Edwards v. Barnhart, 383 F. Supp. 2d 920, 930 (E.D. Mich. 2005) (reference to "jobs entailing no more than simple, routine, unskilled work" while close, did not sufficiently convey plaintiff's limitations in concentration); Bielat v. Comm'r of Soc. Sec., 267 F. Supp. 2d 698, 702 (E.D. Mich. 2003) (reference to "unskilled, sedentary work" insufficient to describe deficiencies in concentration).

The hypothetical question, however, need not formulaically recite the exact words, "concentration, persistence or pace," but may present the limitations by questions such as how often would the plaintiff be absent, should the plaintiff be limited to "simple and repetitive tasks," and the like. See Teal v. Comm'r of Soc. Sec., No. 10-13154, 2011 WL 4484864, at *5 (E.D. Mich. Sept. 26, 2011); Hess v. Comm'r of Soc. Sec., No. 07-13138, 2008 WL 2478325, at *8 (E.D. Mich. 2011). Several courts in this district have found that

the terms such as "simple, routine and unskilled" when accompanied by appropriate facts, can be sufficient to communicate in a hypothetical a moderate limitation in concentration, persistence, and pace. See Bohn-Morton, 389 F. Supp. 2d at 807 (hypothetical describing limitation to "simple and rote" job tasks sufficient to pose plaintiff's moderate difficulties with concentration, persistence, and pace). In this case, the ALJ presented the hypothetical individual as one who was limited to "simple, routine tasks." Thus, the decision to remand in this case, based on the deficiency of the hypothetical, was a close question, and the Commissioner's defense to plaintiff's appeal was reasonable.

In this case, the Commissioner relies on the testimony of state psychologist Blaine Pinaire, Ph.D. who found that although claimant had moderate difficulties maintaining concentration, persistence, or pace, concluded that she was still capable of unskilled work. In similar cases, courts have upheld the ALJ's hypothetical question even where it did not specifically reference the claimant's moderate difficulties in concentration, persistence, and pace where the record adequately supported the more general questions posed. See e.g. Chartier ex ral Chariter v. Astrue, No. 07-109122008 WL 795873, at *4 (E.D. Mich. 2008) (although ALJ found plaintiff experienced moderate limitations in concentration, persistence, and pace, the hypothetical question, stating only that plaintiff should be limited to "simple and repetitive job tasks," was well supported by the record).

The Commissioner relies upon a recent case holding that "a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work." Lewicki v. Comm'r of Soc. Sec., No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010) (collecting cases). The Commissioner also relies on Magistrate Judge Randon's recent observation that "the consistent trend in this District is not to

remand a case on the premise that a claimant with a 'moderate' CPP [concentration, persistence, or pace] rating cannot perform simple, unskilled, and routine jobs." Brewer v. Comm'r of Soc. Sec., No. 10-14039, 2011 WL 75467792, at *11 (E.D. Mich. Dec. 11, 2011) (collecting cases), adopted, No. 10-14039, 2012 WL 899341 (E.D. Mich. Mar. 16, 2012). These cases offered strong support for the Commissioner's argument that the question posed to the VE was sufficient because the hypothetical asked the VE only to consider claimant for light unskilled labor as for an assembler, inspector, or packager, positions for which claimant may have been able to perform despite her moderate concentration and speed deficiencies. Plaintiff argues that the ALJ failed to adhere to the case law. But, as noted above, the case law on this issue does not present any bright line rule, but is a factually intensive inquiry; thus, the Commissioner's defense of the questions the ALJ posed to the VE was arguably based on the law and the record.

Based on the Commissioner's success on two of three of the issues raised in plaintiff's appeal; Doctor Pinaire's conclusion that plaintiff's moderate difficulties with concentration, persistence, and pace did not preclude plaintiff from unskilled work; and case law upholding the denial of benefits in similar circumstances, the Commissioner has shown her defense was substantially justified. Accordingly, plaintiff's motion for attorney fees (Doc. 27) is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 2, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk